UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ANA CHALAS, Individually, and On Behalf of All Others Similarly Situated,

                Plaintiff,

  vs.

FAMILY FOOD PRODUCTS, INC.,

                Defendant.

Civil Action No.: 1:22-cv-03892-JMF

**ORAL ARGUMENT REQUESTED**

-------------------------------------------------------X

### DEFENDANT FAMILY FOOD PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Eric J. Warner, Esq.
Law Office of Eric J. Warner, LLC
24 Commerce Street, 12th Floor
Newark, NJ 07102
Phone: (201) 403-5937
Fax: (877) 360-0508
Email: eric@ejwlawfirm.com

Robert A. Tandy, Esq.
Law Office of Robert A. Tandy, LLC
50 Tice Boulevard
Suite 250
Woodcliff Lake, NJ 07677
Phone: (201) 474-7103
Fax: (201) 474-7103
Email: rtandy@tandylaw.com

Robert A. Tandy, Esq. &
Eric J Warner, Esq.,
Of Counsel & On the Brief

# **TABLE OF CONTENTS**

| | |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Procedural History & Statement of Facts | 2 |
| Argument | 3 |
| **A.**   The Rule 12(b)(5) Dismissal Standard. | 3 |
| B.   The Complaint Should be Dismissed as to Family Foods, Inc. under Rule 12 (b)(5). | 5 |
| Conclusion | 6 |

## **TABLE OF AUTHORITIES**

Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)     3

Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008)     3

Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344 (5th Cir. 1992)     2

Gartin v. Par Pharm. Cos., Inc., 289 Fed. Appx. 688 (5th Cir. 2008)     2

Lisson v. ING GROEP N.V., 262 Fed. Appx. 567 (5th Cir. 2007)     2-3

Quinn v. Miller, 470 F. App'x 321 (5th Cir. 2012)     2

42 U.S.C. Section 12101, *et seq.*     2

New York City Human Rights Law, NYC Administrative Code Sections 8-101, *et seq*     2

Rule 12(b)(5)     2-4

5 B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 135     2

Family Foods, Inc., improperly designates as "Family Food Products, Inc." submits this Memorandum in support of its Motion to Dismiss Plaintiff Ana Chalas's ("Plaintiff") Complaint because Family Foods, Inc. is the incorrect entity with its only business in the Pittsburgh, Pennsylvania area. Family Foods, Inc. only has a similar name to the correct Defendant, Family Food Product's, Inc., in Brooklyn, New York. Nonetheless, Plaintiff incorrectly served Family Foods, Inc. with the summons and complaint and has failed to correct its error despite the Undersigned's pleas that the error be corrected.

## PRELIMINARY STATEMENT

Despite numerous attempts to contact Plaintiff's counsel to advise of Plaintiff's failure to name the correct Defendant in the above matter, Plaintiff's counsel has failed to correct this error. Indeed, as noted above, Plaintiff apparently intends to sue Family Food Products, Inc., for publishing an allegedly non-handicapped accessible website, when the entity that Plaintiff actually served, Family Foods, Inc. has no presence in (and does no business in) the State of New York. Family Foods, Inc. does not even have its own website, and it is not the same entity as Family Food Products, Inc. Instead, Family Foods, Inc. is a small operation that has its principal (and only) place of business in the Pittsburgh, Pennsylvania area at 3400 South Park Rd, Bethel Park, Pennsylvania 15102. The correct entity that Plaintiff apparently wishes to sue for an alleged failure to accommodate potential customers with vision disabilities is Family Food Products, Inc., which, per the website Plaintiff identified in Plaintiff's complaint, has its principal place of business in the Philadelphia area at 1271 Ford Road, Bensalem, Pennsylvania 19020. Family Food Products, Inc.'s website (http://www.arnolds-sausage.com/) also displays the name of an entity called "Arnold's Meats, Inc." located at 274 Heyward Street, Brooklyn, New York 11206.

As a result, Plaintiff's Complaint fails to provide sufficient allegations to state a claim against the entity it served, Family Foods, Inc. The Complaint, therefore, should be dismissed with

prejudice as to Family Foods, Inc. under Federal Rule of Civil Procedure 12(b)(5).

## PROCEDURAL HISTORY & STATEMENT OF FACTS[1]

Plaintiff filed its Complaint on May 12, 2022. Compl., ECF No. 1. The complaint only names Family Food Products, Inc. as a Defendant and alleges claims sounding in: (1) the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*, on behalf of Plaintiff and the Class (Count I); (2) the New York City Human Rights Law, NYC Administrative Code Sections 8-101, *et seq.*, on behalf of Plaintiff and the NYC Sub-Class (Count II); and (3) Declaratory Relief, on behalf of Plaintiff and the Class (Count III).  Family Foods, Inc. has not filed an answer to the Complaint because Family Foods, Inc., despite having been the entity served with the Summons and Complaint, is not Defendant, Family Food Products, Inc.  Instead, Family Foods, Inc. makes the current motion to dismiss the Complaint to the extent that the Complaint purports to state a claim against the incorrect entity, Family Foods, Inc.

## ARGUMENT

**A.      The Rule 12(b)(5) Dismissal Standard.**

Rule 12(b)(5) provides the relevant standard where a party not named in the summons has been served. Gartin v. Par Pharm. Cos., Inc., 289 Fed. Appx. 688, 691, n.3. (5th Cir. 2008) (*citing* 5 B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353). "The party making service has the burden of demonstrating its validity when a Rule 12(b)(5) objection to service is made." Quinn v. Miller, 470 F. App'x 321, 323 (5th Cir. 2012) (*citing* Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)).

When considering a motion to dismiss pursuant to Rule 12(b)(5), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Lisson v. ING

---

[1] These sections have been combined since the procedural history of this matter is inextricably intertwined with the facts relevant to this motion.

GROEP N.V., 262 Fed. Appx. 567, 570 n.2 (5th Cir. 2007) (*citing* Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  However, the Court may consider affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment. Id. (*citing* Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008).

**B.     The Complaint Should be Dismissed as to Family Foods, Inc. under Rule 12(b)(5).**

Pursuant to the supporting Declaration of Frank Krill, the principal of Family Foods, Inc., Mr. Krill's company is not the same as (and is in no way affiliated with) the named Defendant, Family Food Products, Inc.  *See* Declaration of Frank Krill.  Mr. Krill's company, Family Foods, Inc. is located at 3400 South Park Rd, Bethel Park, Pennsylvania 15102, whereas the named Defendant, Family Food Products, Inc., is located on the other side of Pennsylvania, near Philadelphia, at 1271 Ford Road, Bensalem, Pennsylvania 19020.

Per Mr. Krill, Plaintiff's purported class action suit sounding in, among other things, a claim alleging violations of the ADA for a purportedly non-ADA-compliant website that is inaccessible to visually impaired people, is misguided as against Mr. Krill's company, which does not even have a website.  Indeed, the subject website for Family Food Products, Inc. (http://www.arnolds-sausage.com/) explicitly identifies the correct Defendant's address as 1271 Ford Road, Bensalem, Pennsylvania 19020.  As noted, this is not the address for Mr. Krill's company which is located on the other side of the State of Pennsylvania from the aforesaid address.  Mr. Krill's company does not even do business in the State of New York, per Mr. Krill, whereas Family Food Products, Inc.'s website identifies another company called "Arnold's Sausage, Inc." in Brooklyn, New York.  Instead, Mr. Krill's company, Family Foods, Inc., is a small operation that has only ever catered to the greater Pittsburgh, Pennsylvania area.

Plaintiff's counsel has failed to respond to pleas to correct this mistake, which has resulted in the current motion.  Thus, it is respectfully submitted that this Court should dismiss the Complaint as

3

to Family Foods, Inc., with prejudice pursuant to Rule 12(b)(5) and the above-cited standard, which explicitly allow for dismissal under the forgoing circumstances.

## **CONCLUSION**

For the foregoing reasons, Family Foods, Inc. respectfully request the Court grant its motion in its entirety and dismiss the Complaint, as against it, with prejudice.

Dated: July 18, 2022

/*s/* Eric J. Warner
Eric J. Warner, Esq.
Law Office of Eric J. Warner, LLC
24 Commerce Street, 12th Floor
Newark, NJ 07102
Phone: (201) 403-5937
Fax: (877) 360-0508
Email: eric@ejwlawfirm.com

/s/ Robert. A. Tandy
Robert A. Tandy, Esq.
Law Office of Robert A. Tandy, LLC
50 Tice Boulevard
Suite 250
Woodcliff Lake, NJ 07677
Phone: (201) 474-7103          `
Fax: (201) 474-7103
Email: rtandy@tandylaw.com